Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

Boston Division

| | |
|---|---|
| Joel Mateo <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> University System of New Hampshire; Frances Canning <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  X Yes  ☐ No |

FILED IN CLERKS OFFICE
2018 SEP 14 PM 4:09
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Joel Mateo |
   | Address | 266 East Berkeley Street, Apt. 336 |
   | | Boston, MA 02118 |
   | | *City / State / Zip Code* |
   | County | Suffolk |
   | Telephone Number | 239-734-1126 |
   | E-Mail Address | Crpxiv@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
  Name: University System of New Hampshire
  Job or Title (if known): Todd J. Leach, Chancellor
  Address: 5 Chenell Drive, Suite 301
  City: Concord   State: NH   Zip Code: 03301
  County: Merrimack
  Telephone Number: 603-862-0918
  E-Mail Address (if known): todd.leach@usnh.edu
  ☐ Individual capacity   X Official capacity

Defendant No. 2
  Name: Frances Canning
  Job or Title (if known): Assistant Dean of Students
  Address: 370 Bunker Road
  City: New London   State: NH   Zip Code: 03257
  County: Merrimack
  Telephone Number: 603-513-5171
  E-Mail Address (if known): Fran.Canning@law.unh.edu
  ☐ Individual capacity   X Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

  A.  Are you bringing suit against *(check all that apply)*:
      ☐ Federal officials (a *Bivens* claim)
      X State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Fourteenth Amendment to the United States Constitution; specifically, the right to due process.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant University System of New Hampshire ("USNH") is a corporate governmental body and a political subdivision of the State of New Hampshire, established pursuant to the laws of New Hampshire RSA 187-A:1. Defendant Frances Canning was an agent of the USNH acting in the official capacity of Assistant Dean for Students for the period in which the events alleged in this complaint took place.

Additionally, USNH is a governmental corporation of sufficient autonomy to escape designation as an alter ego of the state. USNH is a citizen of New Hampshire, with the power to sue and be sued. USNH is the representative of its component institution The University of New Hampshire School of Law ("UNH Law").

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The Common Wealth of Massachusetts and the State of New Hampshire.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

The events leading to this complaint took place between May 5, 2017 through July 31, 2018.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. On November 5, 2015, Plaintiff withdrew from the University of New Hampshire School of Law pending a charge alleging the violation of the school's conduct code.

2. On May 5, 2017, Plaintiff via email to Assistant Dean of Students Frances Canning, expressed his intentions to address his standing with UNH Law, in order to acquire a letter of good standing for use in future transfer applications to other law schools.

3. On May 5, 2017, Canning laid out the following two options following Plaintiff's request:
- Option one (1): Resolution of the Conduct Code Issue – The Conduct Code charge would be investigated by the Conduct Code Officer, the case heard by the Council and a decision reached on the charge. Once the decision is made – guilty or not – or if there are mitigating factors, Canning would then issue a letter based on the findings.
- Option two (2): Canning could write a letter stating that the Plaintiff is ineligible to return until the pending Conduct Code Charge pending is resolved. Plaintiff could then include a response to Canning's letter and send both to prospective law schools, then they would review the circumstances, and make their own decision on Plaintiff's application.

4. On May 5, 2017, Plaintiff requested that Canning move forward with option one in hopes of resolving the Conduct Code charge before seeking admission as a transfer student at prospective law schools.

5. On May 22, 2017, after failing to receive a response to the request for resolution of the Conduct Code charge, Plaintiff rescinded the request for a Conduct Code hearing and requested instead to proceed with the second option laid out by Canning on May 5, 2017.

6. On May 22, 2017, Canning acknowledged the request to proceed with the second option.

7. On May 24, 2017, Canning produced a letter of Plaintiff's current standing at UNH Law.

8. On June 30, 2017, Plaintiff applied to Suffolk University Law School.

9. On July 13, 2017, Canning submitted the letter of Plaintiff's current standing at UNH Law.

10. On July 27, 2017, Plaintiff was denied admission at Suffolk University Law School.

11. On August 7, 2017, Plaintiff requested that Canning submit the pending Conduct Code charge to the Conduct Code Officer and begin the procedure.

12. On August 21, 2017, in Canning's response to the Plaintiff's request, she stated that UNH Law would only pursue an outstanding Conduct Code charge against a currently matriculated Student. Further, Canning Noted that in order to commence the process, Plaintiff would have to confirm the desire to re-enroll in the program.

13. On October 24, 2017, Plaintiff reached out to Associate Dean of Admission at Suffolk University Law School, Matthew Gavin, requesting a meeting regarding Plaintiff's application and the possibility of reapplying at a later date.

14. On October 25, 2017, Associate Dean Gavin, in response to plaintiff's request to meet, stated firmly that Suffolk Law would not admit applicants who are not in good standing at a prior law school. Associate Dean Gavin noted that according to Dean Canning's Letter to Suffolk, Plaintiff would have to address the conduct charge at UNH in order to continue his law studies.

15. On November 9, 2017, Plaintiff sought medical attention for the emotional distress experienced because of the defendant's failure to provide an opportunity to confront the defendant's allegations.

Plaintiff's primary care physician diagnosed the plaintiff with clinical depression and commenced treatment.

16. On January 16, 2018, Plaintiff reached out to Canning confirming the desire to re-enroll in UNH Law's JD program.

17. On January 23, 2018, Canning responded to Plaintiff's request, stating that because Plaintiff had withdrawn over two years ago, Plaintiff would have to reapply to UNH Law with advance standing through the Law School Admissions Council and the admissions office. Canning noted that once the application process was complete and if the admission team extended an offer of admission to the Plaintiff, then UNH Law would initiate the conduct Code process.

18. On March 19, 2018, Plaintiff submitted his application to UNH Law through the Law School Admissions Council's online portal.

19. On June 4, 2018, Plaintiff was denied admission to UNH Law.

20. On July 13, 2018, Plaintiff applied to New England Law.

21. On July 12, 2018, Plaintiff requested that UNH Law mail a letter of his current standing to New England Law's Office of Admissions.

22. On July 18, 2018, UNH Law mailed the Plaintiff's letter of current standing to New England Law.

23. On July 31, 2018, Plaintiff was denied admission to New England Law.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

By and through its agent Frances Canning, USNH violated Plaintiff's right to due process as guaranteed by the 14th Amendment of the United States Constitution, among other ways, by:

a.     Failing to provide the most fundamental requisite of due process of law, an opportunity to be heard;

b.     Failing at a meaningful time and in a meaningful manner to respond to Plaintiff's initial request for a hearing on May 5, 2017;

c.     Demanding the Plaintiff apply for admission to UNH Law in order to secure the possibility of an opportunity to be heard.

d.     Denying the Plaintiff admission to UNH Law effectively foreclosing all possibilities for an opportunity to be heard.

e.     Depriving the Plaintiff the liberty interest in continuing his legal studies at Suffolk Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

f.     Depriving the Plaintiff the liberty interest in continuing his legal studies at New England Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

g.     Depriving the Plaintiff the property interest in his accumulated credits at UNH Law, by denying the Plaintiff any opportunity to be heard in time to preserve the academic value of the earned credits through a transfer to another Law School.

h.     Depriving the Plaintiff of a letter of good standing and therefore his good name, reputation, honor, and integrity, without first allowing any opportunity to be heard.

i.     Denying the Plaintiff his liberty interest in pursuing a legal education and career

By and through its agent Frances Canning, USNH defamed the Plaintiff, among other ways, by:

j.     Failing to provide the most fundamental requisite of due process of law, an opportunity to be heard;

k.     Depriving the Plaintiff the liberty interest in continuing his legal studies at Suffolk Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

l.     Depriving the Plaintiff the liberty interest in continuing his legal studies at New England Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

m.     Depriving the Plaintiff of a letter of good standing and therefore his good name, reputation, honor, and integrity, without first allowing any opportunity to be heard.

By and through its agent Frances Canning, USNH negligently inflicted emotional distress on the Plaintiff, among other ways, by:

n.     Failing to provide the most fundamental requisite of due process of law, an opportunity to be heard;

o.     Depriving the Plaintiff, the liberty interest in continuing his legal studies at Suffolk Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

p.     Depriving the Plaintiff, the liberty interest in continuing his legal studies at New England Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

q.     Denying the Plaintiff admission to UNH Law effectively foreclosing all possibilities for an opportunity to be heard.

r.     Depriving the Plaintiff of a letter of good standing and therefore his good name, reputation, honor, and integrity, without first allowing any opportunity to be heard.

s.     Denying the Plaintiff his liberty interest in pursuing a legal education and career.

t.     On November 9, 2017, Plaintiff sought medical attention for the emotional distress experienced as a result of the defendant's failure to provide an opportunity to confront the defendant's allegations. Plaintiff's primary care physician diagnosed the plaintiff with clinical depression and commenced treatment.

By and through its agent Frances Canning, USNH intentionally inflicted emotional distress on the Plaintiff, among other ways, by:

u.     Failing to provide the most fundamental requisite of due process of law, an opportunity to be heard;

v.     Depriving the Plaintiff the liberty interest in continuing his legal studies at Suffolk Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

w.     Depriving the Plaintiff the liberty interest in continuing his legal studies at New England Law, through the omission of any opportunity to be heard prior to submitting a letter of the Plaintiff's current standing at UNH Law.

x.     Denying the Plaintiff admission to UNH Law effectively foreclosing all possibilities for an opportunity to be heard.

y.     Depriving the Plaintiff of a letter of good standing and therefore his good name, reputation, honor, and integrity, without first allowing any opportunity to be heard.

z.     Denying the Plaintiff his liberty interest in pursuing a legal education and career

aa.     On November 9, 2017, Plaintiff sought medical attention for the emotional distress experienced because of the defendant's failure to provide an opportunity to confront the defendant's allegations. Plaintiff's primary care physician diagnosed the plaintiff with clinical depression and commenced treatment.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Joel Mateo prays that the Court enter judgment against USNH and Frances Canning and grant the following relief:

1. Declare that the University of New Hampshire's School of Law failure to provide an opportunity to be heard was in violation of 42 § 1983;

2. Award Plaintiff the amount incurred in his pursuit of a legal education, in the amount of $300,000; and

c. Award the Plaintiff punitive damages in the amount of $3,000,000;

d. Award the Plaintiff damages for defamation in the amount of $1,000,000;

e. Award the Plaintiff damages for the infliction of emotional distress in the amount of $1,000,000.

f. Award such additional relief as justice may require, together with the costs and disbursements in this action.

## VI. Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/14/2018

Signature of Plaintiff   *Joel Mateo*
Printed Name of Plaintiff   Joel Mateo