UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Joel Mateo,<br><br>        Plaintiff,<br><br>v.<br><br>University System of New Hampshire and Frances Canning,<br><br>        Defendants. | Civil Action No.: 1:19-cv-00070<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Defendants, University System of New Hampshire ("USNH") and Frances Canning ("Dean Canning") (collectively, the "Defendants"), by and through their attorneys, DEVINE, MILLIMET & BRANCH, P.A., and hereby submit this Answer to Complaint and Demand for Jury Trial, stating in support as follows:

1. The Defendants admit the allegations in Paragraph 1. By way of further answer, the Defendants state that the Plaintiff's voluntary withdrawal from the University of New Hampshire School of Law was confirmed by letter dated November 9, 2015.

2. The Defendants admit the Plaintiff sent an email on or about the referenced date. The email is a written document which speaks for itself. The Defendants deny the allegations regarding the content of the email to the extent the allegations are inconsistent with or contradict the written document.

3. The Defendants' response to the email is a written document which speaks for itself. The Defendants deny the allegations in Paragraph 3 to the extent the allegations are inconsistent with or contradict the written document.

4. The Defendants admit that the Plaintiff sent an email on May 5, 2017 stating that the Plaintiff "would prefer to resolve the Conduct Code charge before I move forward with any plans." The Defendants lack sufficient information to admit or deny any remaining allegations in Paragraph 4 and, therefore, deny the allegations.

5. The Defendants admit that the Plaintiff sent an email on May 22, 2017 stating that the Plaintiff "would like to rescind [his] earlier request for a conduct code hearing" and that "[a]fter consulting with the admissions office for the law school I will be applying to, I believe your second option would be a preferable course of action." The Defendants deny any remaining allegations in Paragraph 5.

6. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 6 and, therefore, deny the allegations.

7. The Defendants admit the allegations in Paragraph 7.

8. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 8 and, therefore, deny the allegations.

9. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 and, therefore, deny the allegations.

10. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 10 and, therefore, deny the allegations.

11. The Defendants admit the allegations in Paragraph 11.

12. The Defendants lack sufficient information to admit or deny the allegations in paragraph 12 and, therefore, deny the allegations. By way of further response, the Defendants state that they have not been able to locate any written communications dated August 21, 2017 between Dean Canning and the plaintiff.

- 3 -

13. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and, therefore, deny the allegations.

14. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 and, therefore, deny the allegations.

15. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 and, therefore, deny the allegations.

16. The Defendants lack sufficient information to admit or deny the allegations in paragraph 16 and, therefore, deny the allegations. By way of further response, the Defendants state that they have not been able to locate any written communications dated January 16, 2018 between Dean Canning and the plaintiff.

17. The Defendants admit that Dean Canning emailed the Plaintiff on January 23, 2018. The email is a written document which speaks for itself. The Defendants deny the allegations in Paragraph 17 to the extent the allegations are inconsistent with or contradict the written document.

18. The Defendants admit the allegations in Paragraph 18.

19. The Defendants admit the allegations in Paragraph 19.

20. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 20 and, therefore, deny the allegations.

21. The Defendants admit the allegations in Paragraph 21.

22. The Defendants admits the allegations in Paragraph 22 that it sent a letter to New England law on or about July 18, 2018.

23. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 23 and, therefore, deny the allegations.

- 4 -

The Defendants deny the allegations set forth at Section IV, Paragraphs a–aa, alleging that USNH and/or Dean Canning violated the Plaintiff's due process rights, defamed the Plaintiff,[1] or committed the tort of negligent and/or intentional infliction of emotional distress.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, the Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Defendants reserve the right to amend and/or add to this list of Affirmative Defenses as discovery progresses in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants are entitled to absolute and/or qualified immunity.

## DEMAND FOR JURY TRIAL

The Defendants demand a jury trial on all claims so triable.

---

[1] As ordered by the Federal District Court for the District of Massachusetts, the Plaintiff's claim for defamation was dismissed pursuant to FED. R. CIV. P. 12(b)(6). See Memorandum and Order on Defendants' Motion to Dismiss at p. 18 (D. Mass. Jan. 14, 2019) (Saylor, J.) (Doc. No. 23).

Respectfully submitted,

UNIVERSITY SYSTEM OF
NEW HAMPSHIRE and
FRANCES CANNING

By their attorneys,

DEVINE, MILLIMET, & BRANCH
PROFESSIONAL ASSOCIATION

Dated: January 29, 2019        By: /s/ Donald Smith
                               Donald L. Smith, Esq. (NH Bar No. 13525)
                               Tavish M. Brown, Esq. (NH Bar No. 269521)
                               111 Amherst Street
                               Manchester, NH 03101
                               (603) 669-1000
                               dsmith@devinemillimet.com
                               tbrown@devinemillimet.com

## CERTIFICATE OF SERVICE

I, Donald L. Smith, Esq., hereby certify that the foregoing Answer to Complaint and Demand for Jury Trial was sent via email and first class mail, postage prepaid, this day to the following:

Joel Mateo, *pro se*
266 East Berkeley St., Apt. 336
Boston, MA 02118
(239) 734-1126
crpxiv@gmail.com

Dated: January 29, 2019        By: /s/ Donald L. Smith
                               Donald L. Smith, Esq. (NH Bar No. 13525)
                               Tavish M. Brown, Esq. (NH Bar No. 269521)
                               111 Amherst Street
                               Manchester, NH 03101
                               (603) 669-1000
                               dsmith@devinemillimet.com
                               tbrown@devinemillimet.com